**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**KATE EGAN,** individually, and on behalf of others similarly situated,

Plaintiff,

vs.

**A.W. COMPANIES, INC.**, a Minnesota Corporation,

Defendant.

Case No.: 23-cv-1148

Hon.: Matthew F. Kennelly

Hon. Susan E. Cox

---

## REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on October 17 and November 1 and 7, 2023, by telephone and email:

   Charles Ash, Oscar Rodrigeuz, and Andrew Frisch, representing Plaintiffs
   Pablo Orozco and Austin Spillane, representing Defendant

2. Initial Disclosures. The parties will complete by November 30, 2023, the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

   a. Discovery will be needed on these subjects: certification of proposed Rule 23 class(es), continued certification of FLSA collective, liability, and damages,
      i. Plaintiffs' position: Plaintiffs additionally seek discovery on whether a joint-employment relationship existed with any other companies.
      ii. Defendant's position: Defendant opposes discovery regarding information that does not pertain to any parties or claims currently in the case.

   b. Timing of Discovery: Discovery on all subjects noted above, other than expert discovery regarding damages, shall be conducted in a single phase, commencing from the filing of this Report. All fact discovery shall be completed by **April 26, 2024**. All discovery, including expert reports and depositions, shall be completed by **September 30, 2024**.

   c. Interrogatories. Each side may serve interrogatories on the Named Plaintiffs[1] or Defendant in accordance with the Federal Rules of Civil Procedure, to be served by

[1] This includes any additional Plaintiffs named in the Second Amended Complaint that is to be filed by November 9, 2023.

**January 1, 2023.** Each side may serve up to **20** interrogatories on each named party.

i. Plaintiffs' position: Defendant may also serve up to **5** interrogatories on up to 30 additional Opt-In Plaintiffs (approximately 11% of the collective). Defendant may select 10 of the Opt-In Plaintiffs, 10 will be selected randomly, and Plaintiffs may select 10 Opt-In Plaintiffs. All interrogatories shall be served by **January 1, 2024**. If any opt-in fails to respond, they will be replaced using the method used for their initial selection. Defendant's proposal that they be permitted to nearly exclusively decide the individuals for "representative discovery" amounts to an abandonment of representative discovery principles altogether. It is not representative discovery if Defendant is provided with preferential treatment in selecting the opt-ins to participate in discovery. Just as Defendant has a right to seek discovery to defend the claims, Plaintiffs have a right to offer evidence in support of their claims. Plaintiffs propose an equal split, or alternatively, randomly selecting all of the discovery opt-ins. At least to start, and in light of the depositions that will occur, Plaintiffs believe that 150 interrogatories to 30 opt-ins is sufficient and more in line with the spirit of Rule 1, rather than the 300 interrogatories to 60 opt-ins that Defendant proposes right off the bat.

ii. Defendant's position: Defendant may also serve up to **5** interrogatories on up to 60 additional Opt-In Plaintiffs (approximately 22% of the collective). Defendant may select 45 of the Opt-In Plaintiffs and Plaintiffs may select 15 Opt-In Plaintiffs. This number is appropriate because early evaluation of the case has shown that Opt-In Plaintiffs worked from their respective homes under different supervisors on behalf of various clients that utilized different software programs, all of which bear on the uniformity of the collective and require a sufficiently large sample to test the appropriateness of a representative action. Moreover, the applicable conditional certification standards are lax precisely with the understanding that defendants will later be able to obtain sufficient information to move for decertification. A very small sample deprives Defendant here from doing so. Moreover, Defendant has already conceded to conduct discovery on a sample whose size is small and thus not statistically significant. All interrogatories shall be served by March 27, 2024.

d. Requests for Production of Documents.

i. Plaintiffs' position: As a preliminary point, Defendant is the employer and in possession and control of almost all of the relevant documents. Each side may serve document requests on the Named Plaintiffs (see footnote 1) or Defendant in accordance with the Federal Rules of Civil Procedure, to be served by **January 1, 2024**. Defendant may also serve up to **5** document requests on up to 30 additional Opt-In Plaintiffs (approximately 11% of the collective). Defendant will serve the document requests on the same 30 Opt-in Plaintiffs identified above. All requests shall be served by **December 1, 2023**. If any opt-in fails to respond, they will be replaced using the method used for their initial selection. Plaintiff incorporates her argument from section c.

ii. Defendant's position: Each side may serve up to **30** document requests on

each named party. Defendant may also serve up to **5** document requests on up to 60 additional Opt-In Plaintiffs (approximately 22% of the collective). Defendant may select 45 of the Opt-In Plaintiffs and Plaintiffs may select 15 Opt-In Plaintiffs. This number is appropriate because early evaluation of the case has shown that Opt-In Plaintiffs worked from their respective homes under different supervisors on behalf of various clients that utilized different software programs, all of which bear on the uniformity of the collective and require a sufficiently large sample to test the appropriateness of a representative action. All requests shall be served by March 27, 2024.

e. Requests for Admission.

i. Plaintiffs' position: Each side may serve requests for admission on the Named Plaintiffs or Defendant, pursuant to the Federal Rules of Civil Procedure. Any requests for admission severed on the Named Plaintiffs or Defendant, shall be served by December 1, 2023. However, Plaintiffs respectfully submit that, as Your Honor previously recognized in another call center FLSA case, serving requests for admission on opt-in Plaintiffs is unlikely to yield any useful information and would be unduly burdensome on the opt-in Plaintiffs, places "an enormous burden on their counsel, and it would defeat the purpose of utilizing representative discovery in FLSA class actions." *Russell v. Illinois Bell Tel. Co.*, No. 08 C 1871, 2009 WL 1209025, at *3 (N.D. Ill. Apr. 30, 2009).

ii. Defendant's position: Each side may serve up to **20** requests for admission on each named party. Defendant may also serve up to **5** requests for admission on up to 60 additional Opt-In Plaintiffs (approximately 22% of the collective). Defendant may select 45 of the Opt-In Plaintiffs and Plaintiffs may select 15 Opt-In Plaintiffs. All requests for admission shall be served by March 27, 2023.

f. Plaintiff Fact Sheet.

i. Plaintiff's Position

On October 19, 2023, the parties appeared for a scheduling conference with the Court. A true and correct copy of the transcript from the conference is attached hereto as Exhibit 1. In the status conference, the Court proposed using a plaintiff "fact sheet." Plaintiff's Counsel remained opened to the concept of utilizing a fact sheet, in order to facilitate a "just, speedy, and inexpensive determination" of this lawsuit, pursuant to Fed. R. Civ. P. 1. To evaluate whether a "fact sheet" would be beneficial, Plaintiff's Counsel requested the Defendant produce a proposed fact sheet.

For the first time, on November 7, 2023, Defendant sent Plaintiff's counsel a proposed fact sheet that required 100 opt-ins to respond to 31 questions. To be clear, Defendant proposes to have Plaintiff's Counsel assist opt-ins in answering 3,100 questions. These questions include subjects such as: the opt-ins employment history prior to working for Defendant, employment history after working for Defendant, the positions held for Defendant, dates of employment for Defendant, what the Opt-

in's job duties were, who the Opt-in's supervisors were, whether the Opt-in was terminated or voluntarily left their employment with Defendant, whether they have applied for unemployment benefits, whether they received unemployment benefits, URLs for all of the opt-ins social media websites, whether they have been involved in other lawsuits, and whether they have ever been convicted of any crimes.

In sum, at least 26 of the 31 questions on the proposed Fact Sheet have nothing to do with the adjudication of the Plaintiffs' FLSA claim. Furthermore, Defendant is already in possession of the vast majority of the information they seek to obtain with the questionnaire. Unlike an MDL, the Opt-in Plaintiffs in this case were Defendant's employees.

Plaintiffs reiterate that all of the opt-in discovery should be limited only to questions related to the FLSA claim, not Rule 23 claims or other unrelated matters.

As it pertains to the few questions on the fact sheet that are somewhat related to the FLSA claim, Defendant has yet to provide Plaintiff with any explanation as to why the 30 discovery opt-ins subject to traditional FLSA representative discovery, at least to start, are unable to provide the necessary information. Plaintiffs believe it would be far more consistent with Fed. R. Civ. P. 1 to first conduct discovery on the 30 opt-in plaintiffs, then allow for additional discovery as needed. Under Defendant's proposal, Plaintiff's Counsel will unduly be burdened by responding to 1,000s of unnecessary written discovery requests that will yield no useful information.

As illustrated below, Defendant is also attempting to use this "fact sheet" as a mechanism to conduct court authorized, *ex-parte* communications with opt-in Plaintiffs who are represented by Plaintiffs Counsel. To be clear, the opt-in Plaintiffs are represented by Counsel. Defendant's attempt to manipulate the Court's suggestion of possibly using a fact sheet into a mechanism to communicate privately and directly with represented parties is outrageous, would violate applicable ethical rules, and is totally improper. Last, Defendant's argument that due process is violated by representative discovery and/or Fed R. Civ. P. 1 is unsupported by law.

ii. Defendant's Position

Defendant provided a revised draft discovery plan to Plaintiffs on October 26, including a proposal to meet-and-confer regarding a questionnaire or "plaintiff fact sheet." Plaintiffs responded on November 1 that they would not agree to any fact sheet in the discovery plan without first reviewing it. Defendant provided its proposed fact sheet on November 7, attached as Exhibit 2. Despite the Court's recent comments, Plaintiffs insist that a fact sheet is improper. Not so, especially here, given that the questions proposed are simple and straightforward.

Specifically, the fact sheet proposed by Defendant seeks basic information regarding the respondent's dates of employment, roles, and timekeeping practices. Many are simple "yes/no" questions that only require the respondent to check a box. These are simple, confirmatory questions that allow Defendant to evaluate a respondent's memory of their employment with Defendant.

Other questions will help Defendant ensure it has obtained discovery from a

sufficiently representative sample of the collective by requesting the identity of the respondent's supervisors, client teams, and software programs utilized. Plaintiffs have alleged a practice, as opposed to a uniform, facially unlawful policy, by Defendant of failing to pay for time spent logging in and out of various software programs. The Opt-In Plaintiffs worked from their respective homes, not a central location where they were easily supervised. They also worked for various client teams, sometimes providing different services (such as answering calls versus responding to emails), which involved accessing different software programs. Defendant is entitled to understand if Plaintiffs' claims are amenable to representative resolution. Given the known differences amongst the collective, that requires a sufficiently large sample, which is still well short of receiving the information from the entire collective. Moreover, Defendant is not asking Plaintiffs' counsel to assist with collection of this data. Precisely like MDL fact sheets, questionnaires in FLSA cases need not be filled out with the assistance of counsel. Defendant's questions are deliberately simple and do not require sophisticated counsel for a proper, adequate response. Further, Plaintiffs refusal to allow such a basic fact sheet ignores that opt-ins are party plaintiffs under applicable rules. Plaintiffs complain about the scope of the discovery, saying it amounts to 3,100 questions. But in so complaining they forget that it is they who chose to prosecute this action as a nationwide collective. Plaintiffs cannot have their cake and eat it to: attempt to recover on behalf of a large group without also doing the group necessary to litigate fairly (and consistent with Due Process requirements) on behalf of that entire group.

g. Depositions. Each side may take a fact deposition under Fed. R. Civ. P. 30 of each named party. The parties may also complete discovery of non-parties pursuant to the Federal Rules of Civil Procedure. Each side may depose any expert disclosed by the other side.

   i. Plaintiff's position: In addition to named parties, Plaintiffs may take up to **10** fact depositions under Fed. R. Civ. P. 30. In addition to named parties, Defendants may depose up to **20** Opt-In Plaintiffs who respond to written discovery, limited to four (4) hours each. Defendant may select 10 such Opt-In Plaintiffs for deposition and Plaintiffs may select 10 such Opt-In Plaintiffs. All Opt-In depositions will be scheduled remotely to conserve resources and for the convenience of both parties. Plaintiffs note that despite the voluminous discovery Defendant seeks, and flying in the face of all the arguments Defendant proffered by Defendant herein, Defendant objects to Plaintiff taking 10 depositions of the various managerial level employees.

   ii. Defendant's position: In addition to named parties, Plaintiffs may take up to 7 fact depositions under Fed. R. Civ. P. 30. In addition to named parties, Defendants may depose up to 25 Opt-In Plaintiffs who respond to written discovery, limited to four (4) hours each. Defendant may select 20 such Opt-In Plaintiffs for deposition and Plaintiffs may select 5 such Opt-In Plaintiffs. Although Defendant anticipates scheduling Opt-In depositions remotely, it reserves the right to conduct an in-person deposition as permitted by the

Rules.

h. Expert Reports. The parties shall serve any expert disclosures, including each expert's report, under Fed. R. Civ. P. 26(a)(2) regarding any subject other than damages, as follows:
   i. Plaintiffs: **February 29, 2024**.
   ii. Defendant: **March 29, 2024**.

   The parties shall serve any expert disclosures, including each expert's report, under Fed. R. Civ. P. 26(a)(2) regarding damages, as follows:
   i. Plaintiffs: **July 28, 2024**
   ii. Defendant: **August 30, 2024**

i. Protective Order and Electronically Stored Information. The parties will submit, if necessary, a separate Stipulation and Order for Protection and for discovery of electronically stored information by **November 30, 2023.**

j. Supplementation. All supplementation under Rule 26(e) shall be completed pursuant to the Federal Rules of Civil Procedure in a timely manner.

4. Other Items.

a. Amendments.
   i. Plaintiff's position: Any motions to amend the pleadings or join parties must be filed and served by **March 1, 2024**. Defendant's proposed date prevents Plaintiff from obtaining the discovery needed regarding its joint employer theory. Defendant has already requested an extension until December to answer the written discovery requests served in October.
   ii. Defendant's position: Any motions to amend pleadings or join parties must be filed and served by January 1, 2024.

b. Class Certification and FLSA Decertification. Any motions to certify a class under Fed. R. Civ. P. 23 or decertify the conditionally certified collective under the FLSA must be filed and served by:
   i. Plaintiffs' position: **June 30, 2024**
   ii. Defendant's position: **May 24, 2024**

The non-moving party shall have 30 days from the date of service of the motion to submit an opposition brief. The moving party shall have 30 days from the date of service of the motion to submit a reply brief.

c. Dispositive Motions. Any other dispositive motions, including summary judgment, must be filed and served by **September 30, 2024**.

d. Pretrial Conference. The parties request a final pretrial conference approximately **one month** before the trial date set by the Court.

e. Prospects for Settlement. Plaintiff has requested early mediation. Defendant believes mediation will be most productive after the Court decides any motions for class certification and collective decertification.

f. Trial Ready Date and Rule 26(a)(3) Disclosures. The parties anticipate being ready for trial by **January 6, 2025**. The parties propose exchanging witness lists and exhibit lists **4 weeks** before the date set for trial and submitting joint witness lists and exhibit lists **2 weeks** before the date set for trial. The parties anticipate the trial will take **5 days**.

Dated: November 7, 2023

Respectfully Submitted,

**ASH LAW, PLLC**
*s/Charles R. Ash, IV*
Charles R. Ash, IV (P73877) (*Admitted*)
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 234-5583
Email: cash@nationalwagelaw.com

**MORGAN & MORGAN, P.A.**
Andrew R. Frisch (FBN 027777) (*Admitted*)
55 E Monroe Street, Suite 3800
Chicago, IL 60603Phone: (954) WORKERS
Fax: (954) 327-3013
Email: AFrisch@forthepeople.com

**HOOPER HATHAWAY, P.C.**
Oscar A. Rodriguez (P73413) (*Admitted*)
126 S. Main St.
Ann Arbor, MI 48104-1903
Phone: (734) 662-4426
Email: orod@hooperhathaway.com

*Counsel for Plaintiff and the*
*Putative Collective/Class Members*

*[Signature of Defense Counsel on following page.]*

**NILAN JOHNSON LEWIS PA**
*/s/Austin J. Spillane*
Pablo Orozco (MN 0396811)
Austin J. Spillane (MN 400317)
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Facsimile: 612-305-7501
porozco@nilanjohnson.com
aspillane@nilanjohnson.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/Charles R. Ash, IV*