# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KATE EGAN, ALTISHA LEWIS, DENA BEAVERS, KENNETH BERRY, and AMBER LYNE** individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**A.W. COMPANIES, INC.**, a Minnesota Corporation,<br><br>Defendant. | Case No. 23-cv-1148<br><br>Hon.: Matthew F. Kennelly<br><br>Hon.: Susan E. Cox<br><br>**[PROPOSED] PROTECTIVE ORDER** |

To expedite the production of discovery material and facilitate the prompt resolution of disputes over confidentiality, the Parties hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

**1.      Definitions.** As used in this Protective Order:

   A.      "Attorney" means an attorney who has appeared in this action;

   B.      "Confidential Document" means material or information that constitutes, reflects, discloses or contains (i) <u>Trade Secrets, Research, and/or Design</u>: Documents and/or information reflecting a party's product-related research or design or which otherwise consist of or include trade secrets not generally known or readily ascertainable by the public (including competitors) that are competitively sensitive and public availability of these documents could affect business operations and market share; (ii) <u>Technical/Manufacturing</u>: Documents and/or information reflecting technical or manufacturing-related procedures and/or practices that are competitively sensitive and not generally known or readily ascertainable by the

public, including competitors. Public availability of these documents could allow competitors to replicate such procedures or practices, thereby affecting business operations and market share; (iii) <u>Financial/Planning</u>: Documents or information reflecting short- or long-term planning and/or financial information that implicates strategy, including competition and market trends. Such information, including but not limited to product pricing, business plans, compensation, and other information that Defendant does not publish to the public, is competitively and commercially sensitive and the public disclosure of such information risks competitive harm to operations and market share; (iv) <u>Marketing/Commercial</u>: Documents and information reflecting marketing and/or commercial strategy, including commercial business terms, that are competitively and commercially sensitive as they relate to Defendant's sale of product to the market, and public availability of these documents could impact business operations and market share;

(v) <u>Third-Party Client Information</u>: Documents and information any non-party provided to Defendant as part of Defendant's business or contractual relationship with the non-party; (vi) <u>Third-Party Employee Information</u>: Documents and information regarding any of Defendant's employees who are not party plaintiffs; (vii) Confidential Information shall not include any information that is or was at any time in the public domain as a result of publication not in violation of this Order.

C. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    D.    "Document" means information, in whatever format, disclosed or produced in discovery, including at a deposition;

    E.    "notice" or "notify" means written notice;

    F.    "Party" means a party to this action; and

    G.    "Protected Document" means a Document protected by a privilege or the work-product doctrine.

**2.    Designating a Document or Deposition as Confidential.**

    A.    A Party or non-party disclosing or producing a Document may designate it as Confidential if the Party or non-party has a good faith belief that it contains Confidential or proprietary information.

    B.    A Party or non-party may designate a Document as Confidential by conspicuously marking each page with the word "Confidential." If produced in a format that does not permit the producing Party to mark each page Confidential (*e.g.*, a native Excel spreadsheet or audio recording), the producing Party may designate the Document by including the word "Confidential" in the file name.

    C.    Deposition testimony may be designated as Confidential:

        (1)    on the record at the deposition; or

        (2)    after the deposition, by promptly notifying the Parties and those who were present at the deposition.

    D.    If a witness is expected to testify as to Confidential or proprietary information, a Party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

  E. Challenging Confidentiality Designations. A Party objecting in good faith to the designation of any material as a Confidential Document shall give written notice including a brief statement of the basis for the objection to the designating Party after receiving such material. Upon receipt of the written objection, counsel for the Designating Party shall, within 10 days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation. The parties shall meet and confer in good faith to attempt to resolve the dispute without Court intervention. If the objecting Party and the designating Party cannot resolve their dispute through such meet and confer discussions, within 14 days after the Parties have reached an impasse after meet and confer efforts, the challenging Party shall move the Court for an order modifying or removing such designation. The designating Party shall have 14 days to file a response and the objecting Party shall then have 7 days to file a reply. The designating Party has the burden of establishing that the document is entitled to protection. Any material so designated shall remain confidential, and shall be subject to all restrictions on its disclosure and use set forth in this Order until one of the following occurs: (1) the designating Party withdraws such designation in writing; (2) the challenging party withdraws the motion, or (3) the Court rules that the challenged material is not a Confidential Document.

**3.** **Who May Receive a Confidential Document.**

  A. A Confidential Document may be used by the Parties.

  B. No person receiving a Confidential Document may reveal it, except to:

   (1) the Court and its staff;

   (2) an Attorney or an Attorney's partner, associate, or staff;

    (3)    a person shown on the face of the Confidential Document to have authored or received it;

    (4)    a court reporter or videographer retained in connection with this action;

    (5)    a Party (subject to paragraph 3(C)); and

    (6)    any person who:

        (a)    is retained to assist a Party or Attorney with this action; and

        (b)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Kate Egan et al. v. A.W. Companies, Inc.,* Case No. 23-cv-1148, in the United States District Court for the Northern District of Illinois. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or certify as destroyed any Confidential Document that I received, any copy of or excerpt from a Confidential Document, and any notes or other Document that contains information from a Confidential Document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

C.    Attorney's Eyes Only Designation.

Defendant's Position: A Party may supplement the "Confidential" mark (*see* paragraph 2(B)) with the words "Attorney's Eyes Only," in which case a Confidential Document so designated may not be revealed to another Party or any third party. This designation is necessary to protect certain business information Plaintiffs have requested in discovery, including contracts between Defendant and each of its clients.

Plaintiffs' Position: Plaintiffs strongly object to the inclusion of an "Attorneys Eyes Only" designation in the protective order, as it unnecessarily restricts Counsel's

5

ability to communicate with their clients regarding the lawsuit. Furthermore, any individual that receives a Confidential Document will already be bound by the confidentiality provisions of this protective Order (*e.g.* Sec. 3(B)). This Court has described "Attorneys Eyes Only" provisions as being a "extraordinarily restrictive limitation." *Motorola, Inc. v. Lemko Corp.*, No. 08 C 5427, 2010 WL 2179170, at *5 (N.D. Ill. June 1, 2010).

  D. If a Confidential Document is revealed to someone not entitled to receive it, the Parties must make good-faith, reasonable efforts to retrieve it and prevent further unauthorized disclosure.

4. **Serving This Protective Order on a Non-Party.** A Party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

5. **Correcting an Error in Designation.** A Party or non-party who discloses or produces a Confidential Document not designated as Confidential may, within thirty (30) days after discovering the error, provide notice of the error and produce a copy of the Document designated as Confidential.

6. **Use of a Confidential Document in Court.**

  A. Filing. This Protective Order does not authorize the filing of any Document under seal. A Confidential Document may be filed only in accordance with Local Rules 5.8 and 26.2.

  B. Presentation at a hearing or trial. Any Confidential Document included as part of any pleading or memorandum shall be filed in accordance with N.D. Ill. Local Rule 5.8. Any Party may provisionally file pleadings and supporting documents containing Confidential Documents with the Clerk's Office "under seal." The

> Clerk's Office shall maintain the seal on those documents for a period of 14 days. Before the expiration of the 14-day period, a Party seeking to maintain documents under seal must file a motion to that effect demonstrating that sealing is appropriate under this Protective Order; upon filing of such a motion, the Party that provisionally filed the documents will have 7 days to respond. The filing will remain sealed until the Court resolves the motion. If no motion is filed within 14 days, the Clerk's Office shall remove the seal on the filed pleading and supporting documents.

7. **Changing a Confidential Document's Designation.**

    A. Confidential Document disclosed or produced by a Party. A Confidential Document disclosed or produced by a Party remains Confidential unless the Parties agree to change its designation or the Court orders otherwise.

    B. Confidential Document produced by a non-party. A Confidential Document produced by a non-party remains Confidential unless the non-party agrees to change its designation or the Court orders otherwise, after providing an opportunity for the non-party to be heard.

    C. Changing a designation by Court order. A Party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a Document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a Party. The Party or non-party who designated a Document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

  A.  Within sixty (60) days after the termination of this action (including any appeals), each Party must:

    (1)  return or destroy all Confidential Documents; and

    (2)  notify the disclosing or producing Party that it has returned or destroyed all Confidential Documents within the 60-day period.

  B.  Notwithstanding paragraph 8(A), each Attorney may retain a copy of any Confidential Document submitted to the court.

**9.**  **Inadvertent Disclosure or Production to a Party of a Protected Document.**

  A.  Notice.

    (1)  A Party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly notify the receiving Party or non-party and describe the basis of the claim of privilege or protection.

    (2)  A Party who discovers that it may have received an inadvertently disclosed or produced a Protected Document must promptly notify the disclosing or producing Party or non-party.

  B.  Effect of Inadvertent Disclosure or Production. Inadvertent production or disclosure of a Protected Document shall not waive the applicable privilege or protection.

  C.  Handling of Confidential Document. A Party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.**  **Security Precautions and Data Breaches.**

A. Each Party must make good-faith, reasonable efforts to protect the Confidentiality of any Confidential Document disclosed or produced to that Party.

B. A Party who learns of a breach of Confidentiality must promptly notify the disclosing or producing Party of the scope and nature of that breach and make good-faith, reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action.

IT IS HEREBY ORDERED.

Dated: _____, 2023

_____
HON. MATTHEW F. KENNELLY
United States District Judge