UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KATE EGAN, KENNETH BERRY, MICHELLE BRANDT, NICOLE GONZALEZ, and AMBER LYNE** individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **A.W. COMPANIES, INC.**, a Minnesota Corporation, and **MEIJER, INC.**, a Michigan Corporation, <br><br> Defendants. | Case No.: 23-cv-1148 <br><br> Hon.: Matthew F. Kennelly <br><br> Hon.: Susan E. Cox |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO COMPEL THE PRODUCTION IN OF DOCUMENTS**

**I.    INTRODUCTION**

This is a collective action on behalf of current and former customer service representatives who allege that Defendant A.W. Companies, Inc. ("Defendant A.W."[1]) failed to pay them for work performed during pre- and post-shift time and during their lunch periods. This Motion relates[2] to Defendant A.W.'s refusal to produce *any* emails generated by Plaintiffs' ESI key word search. Defendant A.W.'s position is that it does not have to produce *any* documents because *some* of the documents on the search "hit" report *may* not be relevant to the case. Defendant A.W. will not even agree to produce a list that sets forth each search term it is holding back emails/documents

---

[1] Defendant, Meijer, Inc., who was recently named a defendant is not subject to this motion.
[2] To be clear, Defendant A.W.'s production is deficient in other respects. For example, A.W. refuses to produce all training and education materials, as well as timestamps related to the time CSRs accessed various programs. Plaintiffs will continue to address those issues separately, and reserve the right to file a second motion to compel if appropriate.

for and the <u>number</u> of emails/documents it is holding back. For the reasons set forth below, Plaintiffs request that the Court grant this Motion an order Defendant A.W. to produce the documents in the narrowed hit report with corresponding load file within 14 days. Plaintiffs also request the Court order Defendant A.W. to pay reasonable attorney fees associated with preparing and arguing this motion, pursuant to Rule 37(a)(5).

## II. THE DOCUMENTS AT ISSUE

### A. Plaintiffs' Email Search Terms Request

On April 3, 2024 Plaintiffs sent to Defendant an email search terms document ("E-Mail Search Terms") that included 48 search terms and 28 custodians. **Exhibit A**. The E-Mail Search Terms were sent after carefully reviewing the documents already produced by Defendant A.W. and were designed to only cover topics relevant to the case. For example, Defendant A.W. was asked to search the custodians' emails for "drive time." This search term was derived from another email where Defendant A.W.'s Contact Center Supervisor advised her team as follows:

> From: Kayla Medina <kayla.medina@awcompaniesinc.com>
> Sent: Wednesday, December 16, 2020 2:12 PM
> To: AW Meijer Agents <MeijerAgents@awcompanies.onmicrosoft.com>
> Cc: AW Meijer Supervisor <awmeijersupervisor@awcompaniesinc.com>; AW Meijer Team Leads <AWMeijerTeamLeads@awcompanies.onmicrosoft.com>
> Subject: Drive Time Before Your Shift
>
> Hello Team,
>
> Please start loading your computers about 10-15 minutes before you are set to start your shift. These 10-15 minutes would be considered your "drive time" if you were working outside the home. The expectation is to be ready and on "available" status at your shift start time. If there is any "Technical or IT related issue" preventing you from being available, please call the attendance line before your shift start time. This will prevent you from being marked tardy. Once you have called the attendance line please reach out in IT chat for assistance if it is needed.
>
> As always if you have any questions or concerns please reach out to your supervisor please DO NOT reply all.
>
> Please forward this email to your Supervisor.
>
> Thank you,
>
> Kayla Medina

1

Plaintiffs also provided 47 other search terms that, based on counsels' experience, generate hits that are relevant to the claims at issue. Those search terms include "attendance policy," "handbook," "sign-in," "booting," "adherence," "sign-in," "salesforce," "unavailable," and "timesheets," to name a few.

On April 26, 2024, Defendant A.W. responded to the E-Mail Search Terms, explaining in part that the search generated 376,156 "hits." **Exhibit B**. Given the large hit result, Plaintiffs immediately agreed to narrow the scope by focusing on terms that generated less hits. **Exhibit C.** To that end, Plaintiffs asked Defendant A.W. to only produce roughly 17% or 64,698 of the originally 376,000+ hits "as soon as possible." *Id*. To expedite the process, Plaintiffs highlighted the narrowed hits and added a new column M to tabulate the number of the narrowed hits requested. *Id*.

Having not heard from Defendant A.W., on May 8, 2024, Plaintiffs asked for a timetable for the production. **Exhibit D.** The following day, May 9, 2024, Defense counsel responded by indicating that Defendant A.W. "will not be producing emails that merely hit on a search term, but which are not otherwise responsive to propounded discovery requests." *Id*. Plaintiffs' counsel objected, stated that if "the e-mail contains one of the search terms [Plaintiffs'] provided, it is responsive and relevant to [Plaintiffs'] requests," and asked for the parties to confer to avoid motion practice. *Id.* Defendant's counsel responded just over an hour later stating: "We will not change this position, ***so consider us to have finished meeting and conferring on it***." *Id* (emphasis added). Plaintiffs' counsel then stated, "as a starting point, please provide us with a list that provides each search term you are holding back emails for and the number of emails you are holding back." Defense counsel responded a short time later and framed the issue as follows (**Exhibit D**):

2

> The issue is producing irrelevant documents just because they hit upon a search term. If you have some case law that says a party can obtain all documents that hit upon a search term, regardless of relevance, I'm happy to review.
>
> Joel

Almost a month later, on June 7, 2024, and Defendant still not having produced a single document from the hit report, Plaintiffs' counsel inquired about the status of the production again. Defense counsel quickly responded: "We await the case law you apparently have that holds a party can obtain all documents that hit upon a search term, regardless of relevance." **(Exhibit D)**. Plaintiffs' counsel then asked again for Defendant to produce documents, or state whether it believes that *all* of the documents in the narrowed hit report are not relevant to the case, or, if only some of the documents are being held back, for a list of the search terms implicated and the number of documents being held back. *Id.*

Defense counsel ignored the request, and as of this filing has not produced a single responsive document from the narrowed request. Defendant A.W. does not assert that the documents are subject to privilege, the work-product doctrine, or some other legal justification for holding the documents back. Instead, it argues that it does not have to produce *any* documents because *some* of the documents may, *in its view*, be irrelevant. As explained below, Defendant A.W.'s position is untenable.

### III. CONTROLLING LAW AND ARGUMENT

Defendant A.W. refuses to produce the narrowed set of document/emails because one or more may be, in its opinion, be irrelevant. For starters, the "relevance standard" under Federal Rule of Civil Procedure 26(b)(1) "is extremely broad." *Torgersen v. Siemens Bldg. Tech., Inc.*, 2021 WL 2072151, at *3 (N.D. Ill. May 24, 2021); *see also Outley v. City of Chicago*, 2021 WL 4789026, at *5 (N.D. Ill. Jan. 5, 2021) (referring to "the broad relevance standard of Rule 26").

3

"Evidence is relevant in a discovery context if it is relevant to the subject matter of the litigation as Rule 26(b)(1) states, not just the particular issues presented in the pleadings." *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981). Furthermore, the Defendant has already reviewed the documents (so there is no burden), and Protective Order has already been entered in the case. *See*, *Hansen v. Country Mut. Ins. Co.*, No. 18 CV 244, 2020 WL 5763588, at *4 (N.D. Ill. Sept. 28, 2020) ("This Court finds persuasive the line of authority which precludes a producing party from making unilateral redactions to otherwise responsive documents on the grounds that the documents contain non-responsive or irrelevant information where there is a confidentiality order in place.").

In *Hansen*, the Court explained that "the producing party is not harmed by producing [allegedly] irrelevant information which is subject to a protective order." *Id*. Additionally, "courts should not be burdened with an in camera inspection of redactions merely to confirm relevance or irrelevance." *Id*. The Court went on to explain that "redaction is … an alteration of potential evidence and a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *Id*. Finally, "unilateral redactions breed suspicion." *Id*.

"A party may not unilaterally determine what evidence it will disclose and produce based upon its own evaluation of its usefulness or relevance." *Whitesell Corp. v. Electrolux Home Prod., Inc.*, No. CV 103-050, 2019 WL 637776, at *2 (S.D. Ga. Feb. 14, 2019). *See also*, Hyundai Merch. Marine v. United States, No. 89 CIV. 2025 (PKL), 1991 WL 190563, at *2 (S.D.N.Y. Sept. 16, 1991) ("The relevance of particular documents is often not easy to determine in isolation and certainly cannot be unilaterally determined by the party opposing production."); *Pianko v. General R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 1086378, at *4 (E.D. Mich. Apr. 11, 2022) (ordering

4

defense counsel to produce the withheld documents or view the documents with plaintiff's counsel to determine their relevance); *Tween Brands Inv., LLC v. Bluestar All., LLC*, No. 2:15-CV-2663, 2015 WL 6955177, at *2 (S.D. Ohio Nov. 10, 2015) (ordering production of potentially irrelevant documents to avoid one party unilaterally deciding relevance).

Moreover, whether a defendant has concluded that the responsive documents "would not have supported" the plaintiffs' claims is irrelevant; the question is whether the documents are "relevant to the claims and defenses" in the case. *Ill. Tamale Co. v. El-Greg, Inc.*, 2019 WL 4395139, at *22 (N.D. Ill. Sept. 13, 2019) (Kennelly, J.). Indeed, "[r]elevance—and not admissibility—is the initial touchstone, with Rule 26(b)(1) providing for such discovery even if it is ultimately not admissible as evidence. *Deal Genius, LLC v. O2Cool, LLC*, 682 F. Supp. 3d 727, 732 (N.D. Ill July 14, 2023). Where there is doubt over relevance, courts should allow the discovery. *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)); *see also Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 586, 577 (N.D. Ill. 2009) ("[I]f relevance is in doubt, courts should err on the side of permissive discovery.").

Here, Defendant A.W. claims, without any explanation whatsoever, that the emails/documents at issue are irrelevant. "Although the burden of demonstrating relevance is on the party seeking discovery, once relevance has been shown, it is the objecting party's obligation to show why a particular discovery request is improper." *Vander Pas v. Bd. of Regents of Univ. of Wisconsin Sys.*, 664 F. Supp. 3d 893, 909 (E.D. Wis. 2023). Nonetheless, to move discovery forward, Plaintiffs have agreed, without waiving any right to future discovery, to drastically narrow the scope by omitting the search terms that generated 83% of the original hits. The search

5

terms are directly related to the bootup time, pay and timekeeping practices at issue in this case. Examples of documents Defendant A.W. refuses to produce include:

| "adherence" –3,552 hits | "attendance policy" – 543 hits | "inactive" – 1,873 |
| "grace" – 916 hits | "over time" – 448 hits | "time tracking" – 1,471 |
| "work as scheduled" – 314 hits | "call ready" – 8 hits | "drive w/30 time" – 758 hits |
| "off the clock" – 71 hits | "sign in" – 3,267 hits | "booting" – 1,005 hits |
| "log-in" – 2,148 hits | "unavailable" – 1,323 hits | "timesheets" – 484 hits |

Plaintiffs seek compensation for unpaid wages that stem from booting up and shutting down their computers. Thus, key topics for discovery include Defendant's computer login/boot up procedures, as well as its application of the timekeeping, adherence, and pay policies. The search terms are designed to cover these topics, with the understanding that a search protocol is not a perfect science. The custodians include the director of operations, supervisors, team leads, the trainers, and email groups for the Meijer project.

Judge M. David Weisman of the Northern District of Illinois recently issued an opinion in *Borizov v. Olsen-Foxon*, 2023 U.S. Dist. LEXIS 47346, that is squarely on point. In that case, the Defendant withheld emails and documents listed on a "hit" report "because the search terms were 'so broad that they captured completely unrelated, irrelevant, and non-responsive email communications.' The Court ordered Defendant "to take one of two actions: (1) produce ALL of the non-privileged emails that were withheld from the initial production; OR (2) prepare a log of the emails deemed irrelevant (or that were otherwise withheld), including a brief description setting forth the basis for the withholding, and produce the log to plaintiff." Plaintiffs in this case have given Defendant A.W. the same two options, to no avail.

## IV. CONCLUSION

Pursuant to Federal Rules of Civil Procedure 34 and 37, Plaintiffs respectfully request the Court enter an Order requiring Defendant to cure the discovery deficiencies outlined herein and awarding Plaintiffs' reasonably attorney fees for the time spent preparing this motion.

Dated: June 19, 2024

Respectfully Submitted,

**ASH LAW, PLLC**

Charles R. Ash, IV (P73877) (*Admitted*)
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 234-5583
cash@nationalwagelaw.com

**MORGAN & MORGAN, P.A.**
Andrew R. Frisch (FBN 027777) (*Admitted*)
55 E Monroe Street, Suite 3800
Chicago, IL 60603
(954) WORKERS
AFrisch@forthepeople.com

**HOOPER HATHAWAY, P.C.**
*s/ Oscar A. Rodriguez*
Oscar Rodriguez (P73413) (*Admitted*)
126 S. Main St
Ann Arbor, MI 48104-1903
(734) 662-4426
orod@hooperhathaway.com

*Counsel for Plaintiffs and the
Putative Collective/Class Members*

7